IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD TYCKSEN,

    Plaintiff,

v.                                        Civ. No. 23-1033 GBW/DLM

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court on Defendant United States of America's Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction and Memorandum in Support. *Doc. 22.* Having reviewed the Motion and the attendant briefing (*docs. 23, 24*), and being otherwise fully advised in the premises, the Court GRANTS the Motion and dismisses Plaintiff's claims for lack of subject matter jurisdiction.

    **I.**     **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Harold Tycksen brings Rehabilitation Act of 1973 ("Rehabilitation Act") and Federal Torts Claims Act ("FTCA") claims against Defendant United States of America based on an injury that he sustained while working as a civilian mechanic at Holloman Air Force Base in Alamogordo, New Mexico. *See generally doc. 1.* The factual

1

bases for his claims include the following allegations. At the time of the events of this lawsuit, Plaintiff worked for an Air Force contractor, Amentum, at Holloman Air Force Base in Alamogordo, New Mexico. *Doc. 1* ¶¶ 9, 12. Plaintiff has several medical disabilities, including injuries that impair his mobility. *Id.* ¶¶ 10, 18. While working at Holloman Air Force Base, Plaintiff was recovering from the amputation of his right toe and using his knee scooter to ambulate. *Id.* ¶ 18. Both Amentum and the Air Force were aware of Plaintiff's disabilities. *Id.* ¶¶ 15-16. Plaintiff requested that accessible parking and ramps be installed at the buildings in which he was working at Holloman Air Force Base. *Id*. ¶¶ 15-17. Plaintiff alleges that the Air Force failed to satisfy his requested accommodations. *Id*. ¶¶ 19, 29.

On February 17, 2021, while trying to exit his vehicle to get to work, Plaintiff fell in a gravel parking lot located in the Holloman Air Force Base, injuring his left foot. *Id.* ¶¶ 22, 24. Plaintiff alleges that there were no handicapped parking spaces in front of the building where he was working on the day of the accident. *Id.* ¶ 19. After the fall, Plaintiff developed an infection in his left foot, eventually resulting in an amputation of his left hallux. *Id.* ¶¶ 27-28.

Plaintiff filed his administrative complaint, a Standard Form 95, with the Air Force on January 31, 2023. *Doc. 1* at 8-9. The Air Force responded on June 2, 2023, denying the claim. *Id.* at 10. On November 21, 2023, Plaintiff filed suit in this Court, bringing claims under the Rehabilitation Act and the FTCA. *See generally doc. 1*.

2

Defendant filed the instant Motion on April 18, 2024. *Doc. 22.* Plaintiff responded on May 2, 2024. *Doc. 23.* Briefing on Defendant's Motion was complete on May 16, 2024, with the filing of Defendant's reply. *Doc. 24.*

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Subject matter jurisdiction is a threshold issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citation omitted). "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co.*, 523 U.S. at 104 (citation omitted).

Federal Rule of Civil Procedure 12(b)(1) allows a party to contest a federal court's jurisdiction over the subject matter of a claim by motion. Fed. R. Civ. P. 12(b)(1). Generally, such a motion takes one of two forms: a facial or factual attack. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). A facial attack assumes the allegations of the complaint as true but argues that no jurisdiction exists. *Id.* A factual attack "may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends. *Id.* at 1003. When reviewing a factual attack, the court

3

does not presume the truthfulness of the complaint's factual allegations and has wide discretion to consider outside evidence when resolving disputed jurisdictional facts. *Id*. In either circumstance, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id*. at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) and *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)).

Here, the attack that Defendant raises on the Court's subject matter jurisdiction over the FTCA claim appears to be facial, not factual, because it contests the sufficiency, not the veracity, of the Complaint's factual allegations. *Doc. 22 at 2-3*. Neither party argues to the contrary, nor contends that the resolution is somehow intertwined with the merits of the case. *See generally docs. 22, 23, 24*. Therefore, the Court will apply the Rule 12(b)(1) standard to the question of the Court's subject matter jurisdiction over Plaintiff's FTCA claim.[1]

### III. ANALYSIS

In its Motion to Dismiss, Defendant first argues that Plaintiff has failed to exhaust his administrative remedies for a premises liability claim and is therefore barred from bringing such a claim under the FTCA. *See doc. 22 at 9-11*. Plaintiff argues

---

[1] As noted below, Plaintiff's Rehabilitation Act claim is dismissed based on Plaintiff's concession, so the Court need not identify the relevant standard.

4

that the facts alleged within his administrative complaint put the Air Force on notice of an "implicit" premises liability claim. *Doc. 23* at 4. Based on the reasoning below, the Court agrees with Defendant and will grant the Motion as to Plaintiff's FTCA claim because Plaintiff failed to exhaust his administrative remedies.

Second, Defendant argues that the Plaintiff cannot recover under the Rehabilitation Act in this case. *See doc. 22* at 11-15. In his response, Plaintiff concedes that the Court "does not maintain subject matter jurisdiction over his Rehabilitation Act cause of action." *Doc. 23* at 7. Given Plaintiff's concession, the Court will dismiss Plaintiff's Rehabilitation Act claim without prejudice and will not address it further.

### A.  The FTCA and Exhaustion of Remedies

Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over actions against the United States absent a Congressional waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In the FTCA, Congress waived the United States' sovereign immunity for certain claims, including those "caused by negligent or wrongful act or omission of the Government while acting within the scope of his office or employment," so long as a plaintiff alleges six prerequisite statutory elements. 28 U.S.C. § 1346(b)(1). To be actionable under § 1346(b), a claim must be:

> [1] against the United States, [2] for money damages,. . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable

5

> to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *Meyer*, 510 U.S. at 477). "The FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, the extent of the government's liability under the FTCA is determined by state law." *Clark v. United States*, 234 F.Supp.3d 1127, 1135 (D.N.M. 2014) (internal quotations and citations omitted), *aff'd*, 695 F. App'x 378, 2017 WL 2644635 (10th Cir. June 20, 2017); *see also Burge v. United States*, 2012 WL 1450062, at *3 (D.N.M. Mar. 27, 2012). "The FTCA's limited grant of subject matter jurisdiction hinges on whether a private person could be subject to state law liability under similar factual circumstances as those alleged against government actors." *Hammonds v. United States*, 2018 WL 1399183, at *3 (D.N.M. Mar. 19, 2018) (unpublished) (citing *Clark,* 234 F. Supp.3d at 1135).

Congress limited the FTCA's waiver of sovereign immunity by requiring FTCA claimants to exhaust their administrative remedies before commencing a lawsuit against the United States. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2675(a). To satisfy the exhaustion requirement, a claimant must file an administrative claim with the appropriate federal agency. *Barnes v. United States*, 137 F. App'x 184, 187 (10th Cir. 2005). This notice requirement exists to allow agencies to

conduct investigation and provide them the opportunity to "settle disputes before defending litigation in court." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014)).

Consequently, that claim must include: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id*. (internal quotations and citations omitted). The written statement of the claimant's injury is sufficient when it "serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d. 840, 852 (10th Cir. 2005) (quoting *Dynamic Images Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2001)). The statement must "give notice of the underlying facts and circumstances 'rather than the exact grounds'" of the FTCA action. *Staggs v. United States ex rel. Dept. of Health and Hum. Servs.*, 425 F.3d 881, 884 (10th Cir. 2005) (quoting *Trentadue*, 397 F.3d at 853). For the purposes of exhaustion, the administrative claim asserted "encompasses any cause of action fairly implicit in the facts." *Lopez*, 823 F.3d at 976 (citation omitted). Even when construing the claim's facts liberally, courts should not "augment those facts to conform to the claimant's subsequent civil complaint." *Benally v. United States*, 735 F. App'x 480, 485 (10th Cir. 2018).

The exhaustion requirement is "jurisdictional and cannot be waived." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted).

Because "the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Id*. at 270 (citation omitted). However, the exhaustion requirement "should not be interpreted inflexibly." *Trentadue,* 397 F.3d at 853.

### B. Plaintiff's Standard Form 95 and Subsequent Complaint

Many FTCA claimants use a Standard Form 95 to present claims against the United States. *See Documents and Forms*, U.S. DEPARTMENT OF JUSTICE, Civil Division (Mar. 27, 2024), https://www.justice.gov/civil/documents-and-forms-0 ("Standard Form 95. . . is a convenient format for supplying the information necessary to bring an FTCA claim"). Plaintiff filed such a form on January 31, 2023, detailing his injuries. *Doc. 1* at 8-9. The section of Plaintiff's Standard Form 95 describing the basis of his claim states:

> Mr. Tycksen was an independent contractor doing work at Building 297 at [Holloman] Air Force Base in Alamogordo, NM. Mr. Tycksen suffered from an existing disability as a result of a partial foot amputation and made a request to receive a handicap placard and ramp to access the building. Neither of these [requests] were completed, and as a result, Mr. Tycksen had to walk a long distance to his job site. On the date of the subject fall, Mr. Tycksen had to park far from the entrance and fell in the parking lot, causing serious bodily injury. The negligence was, among other concerns, a violation of the ADA.

*Id*. at 8. The Air Force responded to this claim on June 2, 2023, asserting that the State of New Mexico was responsible for the distribution of placards for handicapped parking. *See doc. 1* at 10. This response constituted a final agency denial under 28 U.S.C. § 2675(a).

8

On November 12, 2023, Plaintiff filed the instant suit, alleging a count of negligence mainly under a theory of premises liability. *See generally doc. 1*. Plaintiff alleges that the "Air Force had a duty to keep safe employees and contractors. . . including [Plaintiff]." *Id.* ¶ 41. Plaintiff argues that, by "fail[ing] to accommodate [his] need for handicapped parking spaces close to the buildings he worked in and ramp entrances into the buildings he worked in. . . [the Air Force] failed to maintain its property in a reasonably safe condition." *Id.* ¶ 45. Plaintiff further insists that the "main allegations [of his FTCA claim] center around the [Air Force's] duty to visitors as landowners and operators under premises liability theories of law." *Doc. 23* at 5. Under New Mexico law, "in a place of public accommodation, an occupier of the premises owes a duty to safeguard each business visitor whom the occupier reasonably may foresee could be injured by a danger avoidable through reasonable precautions available to the occupier of the premises." *Klopp v. Wackenhut Corp.*, 824 P.2d 293, 297 (N.M 1992).

### C. Comparing Plaintiff's Administrative Claim and His Complaint's Claim

As explained above regarding exhaustion, this Court must determine whether the premises liability claim Plaintiff presses in his Complaint is "fairly implicit" in the

9

administrative claim Plaintiff submitted in his Standard Form 95.[2]  While the specifics are sparse, Plaintiff's premises liability claim appears to be based on the failure to provide handicapped parking spaces and generally failing to keep the parking lot in a safe condition.  Unfortunately, this particular potentially tortious conduct is not fairly included in his administrative claim.

Plaintiff argues that his administrative complaint outlines a "chain of causation leading to an implicit premises liability claim." *Doc. 23* at 4.  However, in his administrative claim, Plaintiff pointed to only two alleged failures of the Air Force – that, despite his request, the Air Force did not grant him a handicap placard or install a ramp access to the building.  *Doc. 1* at 8.  He claimed that, as a result, he "had to walk a long distance to his job site." *Id*.  Indeed, "on the date of the subject fall, [he] had to park far from the entrance and fell in the parking lot." *Id*.  Neither explicit nor implicit in his administrative claim is any indication that the parking lot was kept in a generally unsafe condition.  Instead, in his administrative claim, Plaintiff repeatedly emphasizes that the fall was caused by the distance he had to walk given his "existing disability as a result of a partial foot amputation[.]"[3]  *Id*.  Moreover, his administrative claim makes no mention of the lack of handicapped parking spaces.  To the contrary, his complaint was

---

[2] Plaintiff's administrative claim included a sum certain for his injuries, *see doc. 1* at 8, and Defendant does not assert the claim was inadequate in that regard.

[3] Notably, in his Complaint, Plaintiff now claims that he "fell while trying to exit his vehicle." *Doc. 1* ¶ 24.

that he did not receive a handicap placard presumably to utilize special parking or access privileges that would be available to someone with a placard. Of course, as with any fall on a business's property, a premises liability claim was a possibility given Plaintiff's fall. But the mere possibility that a particular claim might arise out of circumstance described in an administrative claim does not meet the "fairly implicit" notice standard. *See, e.g., Staggs,* 425 F.3d 881 (holding that an administrative complaint, alleging negligent management of pregnancy; negligent management of claimant's labor; and negligent treatment of the claimant's infant daughter, did not put the government on notice for a cause of action for lack of informed consent).

In short, the premises liability claim now brought by Plaintiff is materially different from and not "fairly implicit" in the administrative claim submitted by Plaintiff. Rather, Plaintiff's Standard Form 95 fairly noticed the Air Force of the facts and circumstances underlying only his claim that the Air Force negligently denied him the accommodation of a placard.[4] Having failed to give sufficient notice of his premises liability claim, the Court thus lacks jurisdiction over it.

---

[4] Plaintiff's complaint in the SF 95 that the Air Force did not address his accommodation request for a ramp is not relevant as the lack of a ramp has no causal relationship to his description of the fall in either his administrative claim or his Complaint.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (*doc. 1*) fails to allege judiciable claims under FTCA because Plaintiff failed to exhaust his administrative remedies. Further, Plaintiff concedes that the Court lacks subject matter jurisdiction over his Rehabilitation Act claim.  Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (*doc. 22*) is GRANTED.

IT IS THEREFORE ORDERED that Plaintiff's Complaint against Defendant is DISMISSED WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**